IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MGE UPS SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| POWER MAINTENANCE | § | CIVIL ACTION NO. 4-04CV-929-Y |
| INTERNATIONAL, INC., | § | |
| GENERAL ELECTRIC COMPANY, | § | |
| GE INDUSTRIAL SYSTEMS, INC., | § | |
| GE CONSUMER & INDUSTRIAL, INC., | § | |
| POWER PROTECTION SERVICES, | § | |
| LLC, and BILL WILKIE, | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANTS POWER MAINTENANCE INTERNATIONAL, INC.
AND GENERAL ELECTRIC COMPANY'S
SUPPLEMENTAL MOTION FOR JUDGMENT AND BRIEF IN SUPPORT THEREOF**

---

Joseph F. Cleveland, Jr.
State Bar No. 04378900
Richard H. Gateley
State Bar No. 07752500
J. Heath Coffman
State Bar No. 24059591

BRACKETT & ELLIS
A Professional Corporation
100 Main Street
Fort Worth, Texas 76102-3090
Telephone: 817/338-1700
Metro: 817/429-9181
Facsimile: 817/870-2265

ATTORNEYS FOR DEFENDANTS
POWER MAINTENANCE INTERNATIONAL,
INC. AND GENERAL ELECTRIC COMPANY

COME NOW, Defendants Power Maintenance International, Inc. and General Electric Company ("Defendants"), and file this their Supplemental Motion for Judgment and brief in support thereof on the following grounds:

1. The Defendants have previously filed Motions for Judgment and, on the basis of those previous motions made orally and in writing, supplement their Motion for Judgment on the grounds that there is insufficient evidence, either in MGE's case in chief or its case in rebuttal, to support an award of punitive damages and further that there is legally insufficient evidence to show that Defendants used the software more than five times.

2. The jury may only award punitive damages if MGE has proved that Defendants acted with malice when they engaged in unfair business practices or misappropriated or converted trade secrets, if any, on MGE's data disk. There are no punitive damages allowed under the copyright act for any infringement of the software. *On Davis v. The Gap*, 246 F.3rd 152, 172 (2d Cir. 2001) (no punitive damages allowed under copyright act). There is no evidence, or alternatively, the lack of legally sufficient evidence, to support a finding of malice. "Malice" means a specific intent to cause substantial injury or harm to MGE. Moreover, there must be clear and convincing evidence that the harm to MGE resulted from malice. Not one witness has testified to any set of facts which could form the basis for finding malice or which could overcome the threshold of clear and convincing evidence. The testimony about the data disk is that it remained in Puga's possession during the time he was at PMI and that he took it with him to California after he showed it to David Cunningham. David Cunningham testified that he saw nothing on the data disk which was a trade secret and that he was totally unconcerned about it since Puga told him that MGE did not ask for the disk back when

DEFENDANTS POWER MAINTENANCE INTERNATIONAL, INC. AND
GENERAL ELECTRIC COMPANY'S SUPPLEMENTAL MOTION FOR JUDGMENT
AND BRIEF IN SUPPORT THEROF
CASE NO. 4:04-CV-929-Y

PAGE 1
289803.1

he left the company. The undisputed evidence from MGE witnesses shows that the data disk contained both "controlled" and "uncontrolled" documents. Therefore, given those two facts, no reasonable jury could conclude that Defendants acted with malice to misappropriate or convert the trade secrets, if any, on Puga's data disk (PX-1). In any event, the undisputed testimony also shows that the data disk is not encrypted (although it could have been) and that it has no warning that the information contained constitutes a trade secret. Other companies, as Mr. Rappaport testified, have protected their data in each of these ways. MGE's failure to do so is not Defendants' problem and in no circumstances does it amount to "malice". Therefore, the Court should dismiss all claims against Defendants for punitive damages.

3. The second reason for this Supplemental Motion is dismissal of MGE's claim that Defendants used the software each and every time they're identified on the "hit parade" (PX-144). No MGE witness, even Tom Wilkowske, could testify as to the procedures PMI used in preventive maintenance. He made some suppositions, assumptions and conclusions in an effort to support MGE's "hit parade" but his testimony falls far short of being legally sufficient to support such a claim. Mr. Wilkowske was not present, is not familiar with PMI's preventive maintenance procedures, and has never personally witnessed PMI conducting a preventive maintenance service call. His unsupported conclusions are undercut by his own testimony that MGE UPS equipment at issue can be serviced fully, manually, and completely without MGE's software. His conclusions are also undermined by his admission that he had never used MGE's software to recalibrate a machine during the course of preventive maintenance. Stephane Curcio, father of the software, admitted that the use of microprocessors inside the UPS machine (the firmware with which the software

communicates) made the machine more reliable or, as he put it, more "stable". This development eliminates the need for recalibration during preventive maintenance and certainly supports Mr. Wilkowske's testimony.

4. MGE cannot build its case on supposition and innuendo. It could have, but did not, call any of the field service engineers on the hit parade to testify, with the exception of Sal Puga and Michael Stevens. Mr. Stevens unequivocally testified that he did not need the software to perform preventive maintenance and explained in detail the procedures PMI used to check the calibration and for abnormal alarms. He demonstrated the procedures followed in a preventive maintenance by pointing to specific tools within PMI's tool kit. Dennis Hicks testified as to PMI's procedures in doing preventive maintenance, although he had no experience on the MGE UPS equipment at issue. Al Papineau testified about what he did and how he trained others to use the voltmeter and other pieces of equipment to check the calibration of MGE UPS machine and to check for abnormal alarms. There was an abundance of testimony about the various methods available to check such readings on the machine without using MGE's software tool. While the tool can be used for these checks, it is not necessary. MGE's whole case for the instances identified in PX-144 (except for Puga and Stevens) rest upon faulty assumptions and even worse reasoning. The Court will recall the testimony proffered by Mr. Kennedy as to whether the term "calibrate" is a noun or a verb. That debate, while perhaps interesting to some, is not evidence sufficient to support the finding that the software was used more than five times.

5. Defendants re-urge their Rule 50 motions and incorporate them in this supplemental motion by reference as if fully set forth herein.

## PRAYER

FOR THE REASONS STATED in this supplemental motion and in their previous motions,

Defendants move the Court to enter judgment against MGE.

Respectfully submitted,

*/s/ Richard H. Gateley.*
Joseph F. Cleveland, Jr.
Texas State Bar No. 04378900
Richard H. Gateley
Texas State Bar No. 07752500
J. Heath Coffman
Texas State Bar No. 2405959
A Professional Corporation
100 Main Street
Fort Worth, Texas  76102-3090
Telephone: (817) 338-1700
Metro: (817) 429-9181
Facsimile: (817) 870-2265

ATTORNEYS FOR DEFENDANT
POWER MAINTENANCE INTERNATIONAL, INC.
AND GENERAL ELECTRIC COMPANY

DEFENDANTS POWER MAINTENANCE INTERNATIONAL, INC. AND
GENERAL ELECTRIC COMPANY'S SUPPLEMENTAL MOTION FOR JUDGMENT
AND BRIEF IN SUPPORT THEROF
CASE NO. 4:04-CV-929-Y

PAGE 4
289803.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2008, I electronically filed the foregoing document with the Clerk of Court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Stephen A. Kennedy
Zachary M. Groover
The Law Offices of Stephen A. Kennedy, PC
1700 Pacific Avenue, Suite 1280
Dallas, TX  75201

Jeffrey L. Cureton
CURETON & GORDON, LLP
101 Summit Avenue, Suite 610
Fort Worth, Texas 76102

                              /s/Richard H. Gateley
                              Richard H. Gateley